# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW DURY, | ) | 1:13-cv-00722 LJO GSA PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS THAT |
| v. | ) | THIS ACTION BE DISMISSED |
| | ) | FOR FAILURE TO STATE |
| | ) | A CLAIM ON WHICH RELIEF |
| J. CIUFO, | ) | COULD BE GRANTED |
| | ) | |
| Defendant. | ) | OBJECTIONS DUE IN THIRTY DAYS |
| | ) | |

## I. Screening Requirement

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Plaintiff's Claims

This action proceeds on the original complaint filed on May 16, 2013.  Plaintiff's sole claim in this action is a request for injunctive relief.  Plaintiff seeks an order preventing Defendant Staff Unit Manager J. Ciufo from transferring Plaintiff from USP Atwater to another facility.   At the time this action was filed, Plaintiff was housed at USP Atwater.  On September 23, 2013, Plaintiff filed a Notice of Change of Address, indicating that he had been transferred to the U.S. Penitentiary at Marion, Illinois.  Plaintiff contends that because he has pending litigation in this district, it would create a hardship to transfer him, as his legal documents would be transported separately.

Bivens actions and actions under 42 U.S.C. § 1983 are "identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens.  Van Strum v.Lawn, 940 F.2d 406, 409 (9th Cir. 1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff does not have a liberty interest in being housed at a particular institution.   Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano,427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1991)(per curiam); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).   That Plaintiff has initiated several civil actions challenging the conditions of his

confinement does not create a protected interest in not being transferred due to the difficulty of litigating such claims. The Court notes that Plaintiff alleges that he has pending cases in the Fourth Circuit and the Western District of North Carolina.

Further, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147 (1975); Enrico's, Inc. v. Rice, 730 F.2d 1250, 1255 (9th Cir. 1984). Plaintiff is no longer housed at Atwater. His request should Therefore be denied as moot.

### III.     Conclusion and Recommendation

Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **September 26, 2013**              **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE